UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | MJ No. 2004M0405 RBC |
| ) | |
| Johnny Alvin Hall, ) | |
| Defendant ) | |

## AFFIDAVIT IN SUPPORT OF RULE 5 [FORMERLY RULE 40] PROCEEDING

I, Christian Brackett, Special Agent with the Drug Enforcement Administration, do hereby make oath before the Honorable Robert B. Collings, United States Magistrate Judge for the District of Massachusetts, that upon knowledge coming to me in connection with my official duties and as part of the official records of my office, I am advised that there is presently outstanding a warrant of arrest for one Johnny Alvin Hall in the Eastern District of Virginia for possessing with intent to distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). I do hereby make oath that the warrant of arrest is outstanding in said District on the basis of the information set out above. A copy of said warrant is attached.

Christian Brackett
Special Agent,
Drug Enforcement Administration

Subscribed and sworn to before me this 6th day of January, 2004.

Hon. Robert B. Collings
United States Magistrate Judge

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
United States Courthouse, - Suite 6420
1 Courthouse Way
Boston, MA 02210

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

__EASTERN__ DISTRICT OF __VIRGINIA__
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>JOHNNY ALVIN HALL<br>1757 Storey Avenue<br>Bronx, NY | **WARRANT FOR ARREST**<br><br>CASE NUMBER: 2:03m 725 |

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___Johnny Alvin Hall___
Name

and bring him or her without unnecessary delay to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging that he (brief description of offense)

did unlawfully, knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance,

in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

__James E Bradberry__              __U.S. Magistrate Judge__
Name of Issuing Officer              Title of Issuing Officer

__December 31, 2003 @ Norfolk, VA__          __James E Bradberry__   Signature of Issuing
Officer              Date and Location                             Officer

Bail fixed at $ __NO BAIL__              by __James E Bradberry__
                                Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

## THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME: __Johnny Alvin Hall__

ALIAS: _____

LAST KNOWN RESIDENCE: __1757 Storey Avenue, Bronx, NY__

LAST KNOWN EMPLOYMENT: _____

PLACE OF BIRTH: __U.S.__

DATE OF BIRTH: __8/3/67__

SOCIAL SECURITY NUMBER: __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__

HEIGHT: __6'0"__     WEIGHT: __220__

SEX: __Male__     RACE: __Black__

HAIR: __Black__     EYES: __Brown__

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: _____

FBI NUMBER: _____

COMPLETE DESCRIPTION OF AUTO: _____

INVESTIGATIVE AGENCY AND ADDRESS: __Drug Enforcement Administration, 200 Granby Street, Suite 339, Norfolk, VA 23510__

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**EASTERN**     **DISTRICT OF**     **VIRGINIA**
Norfolk Division

FILED
DEC 31 2003
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

**CRIMINAL COMPLAINT**

JOHNNY ALVIN HALL
1757 Storey Avenue
Bronx, NY

NUMBER: 2:03m 725

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 23, 2003__, in __Northampton County, Virginia__, in the __Eastern__ District of __Virginia__ defendant(s) did, (Track Statutory Language of Offense)

unlawfully, knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance,

in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

I further state that I am a(n) Special Agent, Drug Enforcement Administration and that this complaint is based on the following facts:
Official Title

See Attached Affidavit

READ AND REVIEWED:

_[signature]_
Darryl J. Mitchell
Assistant U.S. Attorney

Continued on the attached sheet and made a part hereof: ☒ Yes    ☐ No

_[signature]_
Signature of Complainant
Amy L. Powers
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

December 31st, 2003     at     Norfolk, Virginia
Date                                                                   City and State

James E. Bradberry
U.S. Magistrate Judge
Name & Title of Judicial Officer                         Signature of Judicial Officer

# AFFIDAVIT

I, Special Agent Amy L. Powers, United States Department of Justice, Drug Enforcement Administration, being duly sworn, do depose and state:

## I. EXPERIENCE AND TRAINING

1. I have been a Special Agent with the Drug Enforcement Administration (DEA) since August of 2003. I have successfully completed extensive training emphasizing narcotic investigation and enforcement, including the 16-week DEA Academy in Quantico, VA. This training included instruction in the investigation of Federal drug violations including Title 21 of the United States Code. I have completed training provided by the DEA involving the use, possession, distribution, packaging, manufacturing, sale, concealment, and transportation of various controlled substances including heroin.

2. I am familiar with the facts and circumstances of this investigation as a result of information received by me and summarized in reports I have reviewed. I have compiled information derived from discussions with experienced law enforcement officers, including State Troopers of the Virginia State Police. This affidavit contains a probable cause statement to support the issuance of an arrest warrant for this offense and does not contain all the information known to this affiant regarding the defendant. Based upon my experience and training, I know the following:

## II. FACTS SUPPORTING PROBABLE CAUSE

1. On April 23, 2003, Norfolk Police Detective Windsor Brabson received information from a Cooperating Source, hereafter referred to as CS#1, that Johnny HALL a/k/a "J.B." would be traveling southbound on Route 13 on the Eastern Shore of Virginia in a burgundy van bearing Virginia tags JDM-5309 with a large quantity of heroin. CS#1 has provided information in the past to law enforcement officials and has proven to be truthful and accurate.

2. On April 23, 2003, Virginia State Police Trooper C.S. Wade was working highway interdiction on Route 13 in Northampton County, Virginia. Northampton County is in the Eastern

1

District of Virginia. Based upon information conveyed to him by Detective Brabson, at approximately 9:32 p.m., Trooper Wade stopped a 1994 Nissan van, burgundy in color, bearing Virginia tags JDM-5309 registered to James Edward Clayton, 521 Graydon Avenue, Apartment B, Portsmouth, Virginia which Trooper Wade observed traveling southbound along Route 13 in Northampton County near the Chesapeake Bay Bridge-Tunnel. Trooper Wade determined that the vehicle was occupied by three adult males, James Clayton, the driver, and passengers Johnny HALL and Kermit Smith. Trooper Wade conducted a driver's license check on James Clayton, and found his license to be suspended by the Virginia Department of Motor Vehicles.

3. At approximately 9:45 p.m., Clayton gave Trooper Wade consent to search his person and the van. HALL and Smith exited the vehicle and also gave permission for their persons to be searched. Trooper Miller of the Virginia State Police subsequently found a cigarette packet containing a piece of a plastic drinking straw and a small clear plastic bag containing a light tan substance inside Clayton's coat. Based on Trooper Wade's training and experience, he believed the light tan substance to be heroin.

4. At approximately 11:23 p.m. on the same evening, during a search of the vehicle, Norfolk Police Detective Jemal Davis and Trooper Wade removed the plastic covering from the interior of the rear door which revealed a gray duct tape package containing multiple pellets of suspected heroin. This quantity of suspected heroin was later analyzed by a forensic chemist of the DEA Mid-Atlantic Laboratory in Largo, MD, and determined to be heroin hydrochloride in the amount of 56.6 grams. Trooper Wade also found a partial roll of duct tape located inside the center console of the vehicle and a quantity of a substance known as mannite located behind the passenger seat. Based on my training and experience, I am aware that mannite is commonly used as a cutting agent by heroin distributors.

5. At approximately 11:25 p.m., Trooper Mark Wendel interviewed HALL in reference to the seizure of heroin. Trooper Wendel advised HALL of his Miranda rights, which he waived. HALL provided Trooper Wendel with the following information: HALL advised that a male known to HALL only by the nickname 'Sex' called him on Sunday (April 20, 2003) to arrange a pickup and delivery of heroin. HALL advised that he was supposed to arrive in New York City on Monday (April 21, 2003) but he did not arrive until Wednesday (April 23, 2003). HALL stated that 'Sex' called him at around 9:00 a.m. on April 23, 2003 and told HALL that he had some business to take

2

care of and he would call him back later. HALL added that, some time between 12:00 p.m. and 1:00 p.m., 'Sex' called him again and told him to meet at Archer's (a bar in the Bronx, New York). HALL advised that James Clayton drove him to the bar and that he (HALL) went into the bar and waited to meet 'Sex.' HALL advised that 'Sex' arrived around 1:30 p.m. and that he got into the van with 'Sex' and drove to Parkchester (Bronx) where they parked. HALL then stated that 'Sex' pulled out a duct taped bundle and asked HALL if he wanted to carry the bundle or if he should "stash" it. HALL indicated that he told 'Sex' to stash it and 'Sex' took the bundle and put it in the rear door panel. HALL advised that 'Sex' then drove HALL back to the bar and "broke out" (left). HALL stated that Clayton and he then traveled to Kermit Smith's house to pick him up. HALL said that this was his third time picking up heroin from New York and that he usually gets paid between $1000 and $1500 for making the trip. HALL advised that he was going to drop the heroin off to 'Sex' in Virginia.

6. Based on the foregoing, I believe there is probable cause to charge Johnny HALL with possession with intent to distribute 100 grams or more of a substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1) and (b)(1)(B).

Special Agent Amy L. Powers
Drug Enforcement Administration

SUBSCRIBED AND SWORN TO before me this 31st day of December 2003.

United States Magistrate Judge

3